## MAGGIE McDANIELS v. STATE.

No. A-5189.  Opinion Filed Oct. 22, 1925.
(240 Pac. 149.)

M. D. Hartsell, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

DOYLE, J.   The information in this case charged that in Muskogee county, November 28, 1923, Maggie McDaniels did sell one pint of whisky to Leo Askew for $2.   On the trial the jury returned a verdict finding defendant guilty as charged in the information, and fixing the punishment at a fine of $300 and confinement in the county jail for 30 days.   From the judgment rendered on the verdict, she appeals.

The assigned grounds of reversal are: The court erred in overruling the challenge to certain jurors; that the court erred in overruling defendant's objection to the introduction of evidence on the ground that the information fails to state facts sufficient to constitute a public offense; that said information is duplicitous, and that the court erred in overruling the defendant's motion for a directed verdict of acquittal on the ground that the testimony is insufficient to sustain a conviction.

The state's evidence shows that Leo Askew and R. D. Jones, deputy sheriff, with two other persons stopped in front of defendant's store in Oktaha, on the date alleged; that Askew left the car and went into defendant's grocery store.   He testified that he bought a pint of whisky from defendant, paying her therefor two one dollar bills.

R. D. Jones testified that he waited in the car directly

in front of the store until Mr. Askew called him, and that he then went in, and Mr. Askew had two pop bottles of whisky, and told him the money therefor was in her apron pocket; that he arrested defendant and took from her apron pocket two one dollar bills, that he identified by marks he placed thereon a few minutes before.

At the close of the state's evidence, there was a motion on the part of the defendant for a directed verdict, which was overruled.

The defendant did not testify.

We have carefully considered the assignments of error, and we are convinced that each and all of them are without merit. The question argued in support of the challenges to certain jurors is not presented by the challenges as made. There is nothing in the objections to the information, and the testimony is so conclusive as to the guilt of defendant, that nothing can be said in her defense.

The judgment of the lower court is accordingly affirmed.

BESSEY, P. J., and EDWARDS, J., concur.